```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                    CENTRAL DIVISION at LEXINGTON
```

| | |
|---|---|
| CRAIG WILLIAMS,<br>On behalf of himself & all<br>others similarly situated, et<br>al.,<br><br>    Plaintiffs,<br><br>v.<br><br><br>KING BEE DELIVERY, LLC, and<br>BEE LINE COURIER SERVICES,<br>INC.,<br><br>    Defendants. | Action No.<br>5:15-cv-306-JMH<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Plaintiffs' Emergency Motion for Corrective Relief Regarding the Opt-In Notice [DE 73]. For the reasons stated below, the Motion will be **GRANTED IN PART** and **DENIED IN PART**.

In its prior Order [DE 70], the Court required the Defendants to produce contact information, including email addresses and telephone numbers, for approximately 435 current and former delivery drivers (the "Notice Group"). Of the 435 members of the Notice Group, 266 of those are former delivery drivers, and of those, Defendants retained email addresses for only 26 former delivery drivers. Plaintiffs now request that they be permitted to call Defendants' former delivery drivers who have not responded to the opt-in notice by April 30, 2017, solely to determine their

1

correct mailing or email address in order to deliver notice to those former drivers. In the alternative, Plaintiffs ask to be allowed to contact these members of the Notice Group by text message. Plaintiffs support their request with an Affidavit from the Class Action Administrator at the law firm representing Plaintiffs. The Affidavit states that of the 266 notices sent to former delivery drivers, 37 have been returned at "undeliverable" as of April 24, 2017 [DE 79-1, ¶5]. The opt-in period in this matter will expire on May 30, 2017.

District Courts around the country have both granted and denied similar requests for telephone or text message contact with potential class members. *E.g., Vasto v. Credico (USA) LLC*, 2016 WL 2658172 (S.D.N.Y. May 5, 2016) (permitting text message contact due to the high turnover in Defendant's business); *But see, e.g., Arevalo v. D.J.'s Underground, Inc.*, 2010 WL 4026112, at *2 (D. Md. Oct. 13, 2010) (denying Plaintiffs' request for text message notification, noting that low opt-in rates are not evidence that the opt-in notice has not been received).

"Courts generally approve only a single method for notification unless there is a reason to believe that method is ineffective." *Wolfram v. PHH Corp.*, 2012 WL 6676778 at *4 (S.D.Ohio Dec. 21, 2012). In this instance, it is clear that for some of the former delivery drivers, postal mail is not an effective method of notification, as over 13% of the notices have

been returned "undeliverable." "There is no 'one-size-fits-all' approach to notifying putative class members in lawsuits such as this. The ultimate goal of the Court is to provide '[a]ccurate and timely notice concerning the pendency of the collective action promotes judicial economy because it...allows [putative class members] to pursue their claims in one case where the same issues of law and fact are already being addressed.'" *Fenley v. Wood Grp. Mustang, Inc.*, 170 F. Supp. 3d 1063, 1074 (S.D. Ohio 2016) (quoting *Swigart v. Fifth Third Bank*, 276 F.R.D. 210, 214 (S.D.Ohio 2011)).

Some of the former delivery drivers have not received notice of this lawsuit by regular mail, and due to the lack of available email addresses for former employees, email will likely not be an effective means of notifying all of these members of the Notice Group. Thus, in the interest of providing adequate notice to the Notice Group, but avoiding duplicate notice or the appearance that the Court endorses the plaintiffs' claims, the Court will permit notice by telephone to those individuals for whom Plaintiffs receive the mailed notice returned "undeliverable," if there is no email address available for that individual. If an email address is available, Plaintiffs shall utilize email to notify that individual. Telephone contact shall be solely to determine the individual's correct mailing or email address in order to deliver the notice. According to Plaintiffs, as of April 24, 2017, this

subgroup of former delivery drivers was only 37 persons. Plaintiffs may also contact, by telephone, any former delivery drivers for whom they receive a notice returned "undeliverable" between the date of this Order and the close of the opt-in period. The Court agrees with Defendants that mere lack of response to the notice does not indicate that the individual did not receive the notice, therefore, only individuals whose mail was returned "undeliverable" and for whom there is no email address available may be contacted telephonically.

Accordingly, for the reasons stated herein, **IT IS ORDERED**:

(1) Plaintiffs' Motion for Corrective Relief Regarding the Opt-In Notice [DE 73] is **GRANTED IN PART** with respect to telephonic contact for the sole purpose of obtaining email or mailing addresses for Notice Group members who are former delivery drivers whose mail was returned "undeliverable" and for whom no email address is available;

(2) Plaintiffs' Motion for Corrective Relief Regarding the Opt-In Notice [DE 73] is **DENIED IN PART** with respect to Plaintiffs' request to contact any other individuals by telephone or to contact any member of the Notice Group by text message;

(3) Plaintiffs and Defendants **SHALL AGREE** on a script for the telephone call no later than **April 28, 2017**; and

4

(4) All telephone calls made pursuant to this Order **SHALL** be completed by the close of the opt-in period.

This the 26th day of April, 2017.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge