## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| _____ )<br>)<br>CRAIG WILLIAMS, JOHN WILLIAMS, )<br>and FRED BERRY, on behalf of themselves )<br>and all others similarly situated, )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>KING BEE DELIVERY SERVICE, LLC )<br>and BEE LINE COURIER SERVICE, INC., )<br> )<br>Defendants. )<br>_____ ) | Case No. 5:15-cv-00306-JMH |

### SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS

Plaintiffs Craig Williams, John Williams, and Fred Berry (collectively, "Plaintiffs") and Defendants King Bee Delivery Services, LLC and Bee Line Courier. ("Defendants") (collectively, the "Parties") hereby agree to the following binding Settlement Agreement ("Settlement Agreement"), subject to the Court's approval, in the FLSA collective action lawsuit captioned <u>Williams v. King Bee Delivery Service, LLC et al.</u>, No. 5:15-00306-JMH (the "Lawsuit").

**WHEREAS**, Plaintiffs filed a Complaint on October 14, 2015, alleging that Defendants misclassified their delivery drivers as independent contractors and asserted the following claims against the Defendants: 1) under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, for alleged failure to pay overtime compensation to Plaintiffs and similarly situated individuals; 2) under the Kentucky Wage and Hour Act ("KWHA"), K.R.S. 337.285, for alleged failure to pay overtime compensation to Plaintiffs and similarly situated individuals; and 3) under the KWHA, K.R.S. 337.060 for making allegedly unlawful deductions from the pay of Plaintiffs and similarly situated individuals for items such as equipment and administrative costs.

**WHEREAS**, on March 14, 2017, the Court granted conditional certification and sending Court-approved Notice to a collective of: "[a]ll individuals who were classified as independent contractors while working as delivery drivers for King Bee Delivery, LLC and/or Bee Line Courier Service, Inc. from February 2, 2013 to present."

After notice was sent, a total of 59 individuals, including Plaintiffs, filed Opt-In Consent Forms to join the Lawsuit.

**WHEREAS**, Defendants deny all of the allegations made by Plaintiffs in the Lawsuit and deny that they are liable to or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit. Nonetheless, to avoid incurring additional costs in the Lawsuit and without admitting or conceding any liability or damages whatsoever, Defendants have agreed to settle the Lawsuit on the terms and conditions set forth in this Settlement Agreement.

**WHEREAS**, on August 28, 2018, the Parties participated in a full-day mediation of this matter with mediator Michael Russell in Louisville, Kentucky, and reached an accord after continuing their settlement discussions under the supervision of the mediator as set forth in this Settlement Agreement.

**WHEREAS**, Class Counsel have analyzed and evaluated the merits of the claims made against Defendants in the Lawsuit, conducted interviews with Plaintiffs and the Opt-In Plaintiffs, obtained and reviewed documents relating to Defendants' compensation policies and practices, and analyzed compensation data that they obtained from Defendants prior to the mediation, and based upon their analysis and evaluation of a number of factors, and recognizing the risks of litigation, are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, and adequate and that this Settlement Agreement is in the best interests of Plaintiffs and the Opt-In Plaintiffs.

**NOW, THEREFORE**, in consideration of the mutual covenants and promises set forth in this Settlement Agreement, as well as the good and valuable consideration provided for herein, the Parties agree to a full and complete settlement of the Lawsuit on the following terms and conditions:

1.      This settlement is on behalf of Plaintiffs and the opt-in plaintiffs listed on Exhibit A attached hereto ("FLSA settlement members").  There are 59 FLSA settlement members, including plaintiffs.

2.      This lawsuit is settled for ██████████████████ (██████████████). This sum (the "total settlement amount") includes, subject to court approval, Class Counsel's attorneys' fees in an amount not to exceed one third of the total settlement amount (██████████████); and (b) service awards to plaintiffs in the amount of ████████ (███████ for Craig Williams, and ██████████ each to John Williams, Fred Berry, and Kevin Berry.).

3.      Defendants shall be responsible for their own attorneys' fees and costs.

4.      After subtracting the amounts itemized in paragraph 2 from the total settlement amount, the balance of the funds ("Net Settlement Amount") totaling ████████ shall be apportioned among all FLSA settlement members as follows:

   a.   The amount of ██████ per FLSA settlement member will be deducted from the net settlement amount prior to the determination of *pro rata* individual settlement shares and allocated to each FLSA settlement member so that each FLSA settlement member receives at least ██████ in exchange for his/her release in this Settlement Agreement.

     b.      Settlement class members will receive a prorated amount of the available settlement funds based upon an analysis by Class Counsel of their alleged overtime in relative proportion to the other FLSA settlement members, subject to review and objection by Defendants in accordance with the terms of this Settlement Agreement.

     c.      The allocation of the Net Settlement Amount shall be based on the dates of services and the hours allegedly worked per week for FLSA settlement members based upon information used by Class Counsel to estimate the hours allegedly worked.

5.      The settlement awards shall be reported on an IRS form 1099 and shall not be subject to withholding taxes.  Class Counsel will provide a W-9 form to Defendants for their attorneys' fees and costs, along with any other forms Defendants may request of Class Counsel and the FLSA settlement members that it deems necessary to issue the settlement awards. Plaintiffs and the FLSA settlement members will be solely and exclusively responsible for all taxes, interest and penalties of any nature, owed with respect to any payment received by them pursuant to this Settlement Agreement will indemnify and hold Defendants harmless from and against any and all taxes, penalties, and interest of any nature assessed as a result of a Plaintiff's or an FLSA settlement members' failure to timely and properly pay such taxes

6.      The Parties will file a joint motion for approval of this Settlement Agreement and the Agreed Order of Dismissal with Prejudice of the lawsuit, attached hereto as Exhibit C, within 14 days of the execution of this Settlement Agreement.  Concurrently with the filing of the joint motion for approval, Defendants will file an unopposed Motion to Seal the amounts the total Settlement, incentive awards, and individual awards, and request leave to file the joint motion for settlement approval on the public record with the amounts of all awards and amounts paid redacted from the joint motion and all of the supporting exhibits.   Thus, the joint motion and all attachments thereto including this Settlement Agreement and the agreed order of dismissal with prejudice shall be filed with the Court as a provisionally sealed document in accordance with the Court's Electronic Case Filing Administrative Policies and Procedures.  This agreement is not contingent on how the court rules on Defendants' motion to seal the amounts.  Rather, the parties will proceed with the settlement regardless of the Court's ruling on the motion to seal and agree to file or refile the papers as necessary in accordance with the Court's order(s).

7.      Within thirty (30) days after the order approving this Settlement Agreement and dismissal become final, Defendants will deposit the total settlement amount (▮▮▮▮▮▮) into an escrow account identified by Class Counsel.  Class Counsel shall thereafter, as soon as reasonably practicable, pay from the escrow account, consistent with the court's approval order: (a) Class Counsel's fees and expenses; (b) the service awards; and (c) the individual settlement amounts due to the FLSA settlement members.

8.      The amounts received due to this Settlement Agreement shall be kept confidential by the Plaintiffs and the FLSA settlement members.  Counsel for the plaintiffs agree not to advertise this settlement.  The Plaintiffs and the FLSA settlement members agree not to reveal the amount of their settlement share except to their attorney, tax preparer, spouse, or as otherwise

required by law.  If such information is shared with an FLSA settlement members' attorney, tax preparer, or spouse, the FLSA settlement member must inform such individual of the requirements of this provision and secure the agreement of such individual to comply with the terms of this provision.  Any breach of this provision by an attorney, tax preparer, or spouse, shall be deemed to be a violation by Plaintiffs and the FLSA settlement members.

9.      Class Counsel shall be responsible for calculating each FLSA settlement members' share of the net settlement amount using the formula set forward above.  Prior to distributing any settlement funds as directed by this Settlement Agreement, Class Counsel will provide Defendants with their settlement share calculations.  Defendants will have five business days from receipt of the distribution list to object to the settlement amounts if Defendants believe the amounts were not calculated properly in the manner set forth in this agreement.

10.     No later than 14 days after Defendants deposit the total settlement amount as directed by this Settlement Agreement with Class Counsel, Class Counsel shall mail all FLSA settlement members via first class mail: (a) a notice of settlement in the form attached hereto as Exhibit B, and (b) a settlement check with the amount of their settlement award.

11.     Plaintiffs, on behalf of themselves and each FLSA settlement member, hereby release Defendants and each of their respective predecessors, successors, and all their past, present or future assigns, parents, subsidiaries, affiliates, insurers, attorneys, divisions, subdivisions and affiliated entities, together with their respective current and former officers, directors, shareholders, owners, members, fiduciaries, administrators, trustees, agents, servants, employees, attorneys, insurers and/or representatives, and their respective predecessors, successors and assigns, heirs, executors, administrators, and any and all other affiliated persons, firms, plans or corporations which may have an interest by or through them (collectively with Defendants, the "released parties") for any and all claims at any time through the date of the Settlement Agreement related to the alleged misclassification of them as independent contractors as opposed to employees, including, without limitation, all state, local or federal claims, obligations, demands, actions, rights, causes of action, liabilities, and damages, or any other causes of action of whatever nature, whether known or unknown for alleged unpaid overtime wages, deductions, underpayment of wages, nonpayment of wages or compensation of any type, or any and all other types of compensation, liquidated or other damages (including actual, compensatory, incidental, indirect, consequential, exemplary, punitive,) unpaid costs, penalties, interest, attorneys' fees, costs, expenses, expert costs, rescission, equitable relief, reinstatement, declaratory and/or injunctive relief, restitution or other compensation and relief arising under the FLSA or any other state, local or federal law pertaining to payment of wages (collectively, the "Released Claims").

12.     Class Counsel warrants and represents that they neither represent, nor are they aware of, any individual who wishes to bring any claim against Defendants based upon allegations similar to those alleged in this Lawsuit. Class Counsel represent that they are aware of no other individual who wishes to participate in this Lawsuit or to initiate a new Lawsuit making similar allegations against Defendants. Plaintiffs and Class Counsel further warrant and represent that Plaintiffs and Class Counsel have removed and revoked, to the extent possible, any advertisements, postings, notices, publications, or other communications about this Lawsuit, this Settlement Agreement, or the terms of this Settlement Agreement. To the extent permitted by the ethics rules, Class Counsel will not post, issue, or publish any further communication about the Lawsuit, this

Settlement Agreement, or the terms of the Settlement Agreement. Neither Plaintiffs nor Class Counsel shall distribute any press release, respond to any media inquiries, make any statements to the press, or hold any press conference concerning this Agreement or its terms.  At no time may Plaintiffs, FLSA settlement members, or Class Counsel disclose this Agreement or its terms except as required by law or order of this Court, or as may be necessary to enforce the terms of this Agreement.

13.     Each settlement check sent to the FLSA settlement members will contain the following endorsement, placed on the back of the check:

> All claims that were or could have been asserted that are related to the claims brought in the Lawsuit against King Bee Delivery, LLC or Bee Line Courier Services, Inc. have been waived, released, and discharged.  This means that I cannot sue King Bee Delivery, LLC, Bee Line Courier Services, Inc., or their owners, employees, or affiliates for any claims that were or could have been asserted in such Lawsuit, including those pertaining to the payment of wages, independent contractor misclassification claims, wage claims, and claims for deductions, that accrued at any time through [the date of the settlement agreement]. The terms of the settlement require that I keep the terms of the settlement and the settlement amount confidential.  I may be sued for breaching this confidentiality requirement. Please see Notice of Collective Action Settlement and Settlement Award Check dated [DATE] for further information.

14.     All settlement checks will remain negotiable for 180 days from the date they are issued.  The settlement agreement is non-reversionary.  At any point prior to the 180-day deadline, Class Counsel shall have the authority to stop payment on a lost check and issue a new check to an FLSA settlement member upon request, and Class Counsel may contact FLSA settlement members who have not cashed their checks to obtain updated addresses or remind them to cash their check. At the conclusion of the 180-day check-cashing period, any money remaining from uncashed checks shall be distributed by Class Counsel to *cy pres* recipient Kentucky Equal Justice Center.

15.     Subject to the court's approval in the approval order, Class Counsel shall receive attorneys' fees in the amount of one-third of the total settlement amount (███████), which will include their out-of-pocket costs, which will compensate Class Counsel for all work performed in the lawsuit as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the settlement, securing court approval of the Settlement Agreement, and taking responsibility to  fairly administer and implement the final settlement and dismissal of this lawsuit.

16.     The parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to executing such documents and taking such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. Both will use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary or ordered by the court, to effectuate this

Settlement Agreement and the terms set forth herein.  As soon as practicable after execution of this Settlement Agreement, the parties will jointly take all necessary steps to secure the court's approval of this Settlement Agreement and to implement its terms.  Neither party will discourage participation in this Settlement Agreement.

17.     If the court does not enter an order approving this Settlement Agreement, or decides to do so only with material modifications to the terms of the Settlement Agreement, or does not enter an order dismissing the Lawsuit with prejudice, or if the approval or dismissal order is reversed or vacated by an appellate court, then this Settlement Agreement shall become null and void, unless the parties agree in writing to modify this Settlement Agreement and the court approves the modified settlement agreement.

18.     This Settlement Agreement shall be interpreted and construed in accordance with and shall be governed by the laws of the State of Kentucky and, where applicable, the laws of the United States, without regard to conflict of law principles.

19.     The court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this settlement agreement and all orders and judgments entered in connection therewith, and the parties hereto submit to the jurisdiction of the court for purposes of interpreting, implementing, and enforcing the settlement embodied in this Settlement Agreement and all orders and judgments entered in connection therewith.

20.     This Settlement Agreement affects the settlement of a *bona fide* FLSA dispute regarding overtime hours worked and alleged compensation owed.  Defendants contest Plaintiffs and the FLSA settlement members' claims in good faith and nothing contained herein should be construed as an admission by any party of any liability of any kind.  Defendants deny the allegations in the lawsuit, and deny that they engaged in any wrongdoing or violation of law. Defendants are entering into this Settlement Agreement because the settlement will eliminate the burden, risk and expense of further litigation.

21.     Neither this Settlement Agreement, nor any of its terms, nor any document, statement, proceeding, any action taken to carry out this Settlement Agreement or conduct related to this Settlement Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the released parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the parties of any liability, fault, wrongdoing, omission, concession or damage whatsoever including any concession that certification of an FLSA class other than for purposes of this Settlement Agreement would be appropriate in this or any other case.

22.     This Settlement Agreement and its exhibits set forth the complete agreement between the parties relating to the settlement and any and all payments or obligations owed by Defendants to Plaintiffs, the FLSA settlement members or Class Counsel in connection with the lawsuit or as to any released claims.  No term, provision or condition of this Settlement Agreement may be modified or waived in any respect except by a writing executed by plaintiffs and a duly authorized representative of all defendants.  Except as expressly set forth herein, no person has made any representations or promises on behalf of any of the parties.  This Settlement Agreement

has not been executed in reliance upon any representation or promise except those contained herein.

23.     This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of plaintiffs, the FLSA settlement members, and released parties.

24.     The parties hereto represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

25.     The failure of any party to enforce or to require timely compliance with any term or provision of this Settlement Agreement shall not be deemed to be a waiver or relinquishment of rights or obligations arising hereunder, nor shall such failure preclude or estop the subsequent enforcement of such term or provision or the enforcement of any subsequent breach.

26.     This Settlement Agreement has been drafted jointly by counsel for the parties. Hence, in any construction or interpretation of this Settlement Agreement, the same shall not be construed against any of the parties.

27.     This Settlement Agreement may be executed in multiple counterparts each containing original, notarized signatures, and each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

28.     The signatories to this Settlement Agreement represent that each is fully authorized to enter into this Settlement Agreement on behalf of themselves or their respective principals, including the authority of Plaintiffs to enter into this Settlement Agreement on behalf of the FLSA settlement members.  The notice of settlement will inform all FLSA settlement members of the binding nature of this Settlement Agreement and that it will have the same force and effect as if this Settlement Agreement were executed by each FLSA settlement member.

[Remainder of page intentionally blank.  Signatures on next page]

**FOR PLAINTIFFS AND THE SETTLEMENT CLASS MEMBERS**

Craig Williams

Date: 12 - 13 - 2018

--- and ---

Fred Berry

Date: 12/13/2018

--- and ---

John Williams

Date: _____

8

## FOR PLAINTIFFS AND THE SETTLEMENT CLASS MEMBERS

_____

Craig Williams

Date: _____


--- and ---

_____

Fred Berry

Date: _____


--- and ---

_____

John Williams

Date: _____ 12/7/2018 _____

8

**FOR KING BEE DELIVERY SERVICE, LLC**

KING BEE DELIVERY, LLC

By: _____

Title: _____CEO_____

Date: _____12-17-18_____

**FOR BEE LINE COURIER SERVICE, INC.**

BEE LINE COURIER SERVICE, INC.

By: _____

Title: _____CEO_____

Date: _____12·17-18_____

[Remainder of page intentionally blank.  Signatures continue on next page]

## <u>APPROVED AS TO FORM</u>

Dated: 12/17/2018          **FROST BROWN TODD, LLC**

By: Kyle D Johnson
Kyle Johnson
Attorneys for Defendants King Bee Delivery
Service, LLC and Bee Line Courier Service, Inc

Dated: _____          **LICHTEN & LISS-RIORDAN, P.C.**

By: _____
Harold L. Lichten
On Behalf of Settlement Members

10

## APPROVED AS TO FORM

Dated: _____          **FROST BROWN TODD, LLC**

                                            By: _____
                                                Kyle Johnson
                                                Attorneys for Defendants King Bee Delivery
                                                Service, LLC and Bee Line Courier Service, Inc

Dated: _12/18/18_____          **LICHTEN & LISS-RIORDAN, P.C.**

                                            By: _____
                                                Harold L. Lichten
                                                On Behalf of Settlement Members

10